**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FLAVAWORKS ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON A. SCULL, individually, and JOHN DOES #1–#74, identified by Gay-Torrents.org username (see Exhibit D),<br><br>Defendants. | Case No. 1:26-cv-10140<br><br>Hon. Jeremy C. Daniel<br><br>Magistrate Judge<br>Keri L. Holleb Hotaling<br><br>JURY TRIAL DEMANDED |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY TO CONFIRM THE IDENTITIES OF THE JOHN DOE DEFENDANTS AND FOR AN EXTENSION OF TIME TO SERVE THEM**

This matter comes before the Court on Plaintiff's Motion for Limited Expedited Discovery to Confirm the Identities of the John Doe Defendants and for an Extension of Time to Serve Them (Dkt. 18). Plaintiff has identified, for each remaining John Doe Defendant, the provider that hosts the email address associated with his Gay-Torrents.org account, as set out in Exhibit A to the motion. The Court finds that good cause exists under Federal Rule of Civil Procedure 26(d)(1) for the limited discovery described below, that the requests are narrowly tailored to confirming the identities of the John Doe Defendants and impose modest burdens on the recipients, and that good cause exists under Rules 4(m) and 6(b)(1)(A) to extend the time to serve the John Doe Defendants.

IT IS HEREBY ORDERED:

1. Plaintiff may serve subpoenas pursuant to Rule 45 on Google LLC, Yahoo Inc., Microsoft Corporation, Apple Inc., Comcast Cable Communications, LLC, Charter Communications, Inc., and AT&T Inc., each limited to the email address associated with each John Doe Defendant listed in Exhibit A to the motion as hosted by that provider, as transmitted by Plaintiff under paragraph 7, seeking only: (a) the

subscriber's full name, current mailing address, telephone number(s), and any secondary, alternative, recovery, or two-factor-authentication email addresses on file; (b) the most recent Internet Protocol address used to access the account, with the date and time of that access; and (c) the billing name and billing address associated with any payment method on file, excluding payment card numbers, transaction amounts, and purchase history; in each case for the period January 1, 2025 through the date of production and only to the extent such information exists.

2. If a recipient listed in paragraph 1 states that it does not host a listed address or does not hold some or all of the records, Plaintiff may, without further order, serve a subpoena on the same terms on the domestic provider, including an affiliate, platform provider, or registrar of record, that hosts, operates, or holds the records for that address.

3. As to any recipient that is a cable operator within the meaning of 47 U.S.C. § 522(5), this Order is a court order authorizing disclosure of the information described in paragraph 1 under 47 U.S.C. § 551(c)(2)(B), subject to the subscriber notice required by paragraph 4.

4. Each recipient shall notify each affected account holder of the subpoena, enclosing a copy of the subpoena and this Order, within a reasonable time and in accordance with the recipient's usual practice. Any account holder may move to quash or modify the subpoena within twenty-one (21) days after receiving that notice. Each recipient shall produce the requested information within thirty (30) days after that period expires, or by such later date as Plaintiff and the recipient may agree, or, if a motion is filed, as the Court directs.

5. No subpoena issued under this Order shall seek, and no recipient shall be required to produce, the content of any electronic communication or any category of record beyond the information enumerated in paragraph 1.

6. Information produced in response to a subpoena issued under this Order shall be used by Plaintiff solely for purposes of this litigation, including the identification and service of the John Doe Defendants and the prosecution of Plaintiff's claims.

7. The specific email addresses for which records are sought shall be transmitted by Plaintiff directly to each recipient with the subpoena and shall not be filed on the public docket. Plaintiff shall submit them to the Court in camera or under seal upon request.

8. This Order is without prejudice to Plaintiff's right to seek additional discovery as warranted in the ordinary course of this action.

9. The time for Plaintiff to serve the John Doe Defendants is extended to March 8, 2027.

ENTERED:

Hon. Jeremy C. Daniel
United States District Judge

Dated: November 23, 2026